UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HELENE M. MULVIHILL,

    Plaintiff,

v.

DEBT RECOVERY SOLUTIONS, LLC,

    Defendant.

Case No. 4:21-cv-00211

**NOW COMES** HELEN M. MULVIHILL, by and through her undersigned counsel, complaining of Defendant DEBT RECOVERY SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. HELENE M. MULVIHILL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Magnolia, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. DEBT RECOVERY SOLUTIONS, LLC ("Defendant") is a corporation organized under the laws of New York.

9. Defendant maintains its principal place of business at 6800 Jericho Turnpike, Suite 113E, Syosett, New York 11791.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

12. In January 2020, Plaintiff noticed that Defendant was reporting on her credit report for a medical debt incurred at Tomball Reg. Emergency Physicians from September 21, 2016.

13. On or about January 14, 2021, Plaintiff called Defendant in an attempt to determine why the medical debt was reporting on her credit report.

14. During the phone call, Defendant advised Plaintiff that it was collection on a medical bill from 2016 in the amount of $1,519.00 ("subject debt").

15. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

16. Plaintiff advised Defendant that the debt was very old and past the four year statute of limitations in Texas, according to Section 16.004 of the Texas Civil Practice and Remedies Code.

17. Defendant stated that Plaintiff was incorrect and that the statute of limitations in Texas was seven years, and that Defendant was pursuing collection of the subject debt.

18. Plaintiff was confused and perplexed by what she was hearing from Defendant's representative.

## DAMAGES

19. After the discussion with Defendant's representative, Plaintiff was misled into believing that she was exposed to a lawsuit for over seven (7) years.

20. Accordingly, Defendant's misleading representations were material because it impacted Plaintiff's decision making process regarding the subject debt including payment on the subject debt.

21. The conundrum created by the language used Defendant's representative caused Plaintiff significant emotional distress and anxiety due to her financial means.

22. Concerned with Defendant's insistence that it could still sue Plaintiff on the subject debt, Plaintiff retained counsel to assist her with this matter.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

   **a. Violations of FDCPA § 1692e**

24. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

25. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

26. Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt. . ."

27. Defendant violated §§ 1692e and e(5) by threatening to take legal action against Plaintiff that it cannot take and had no intention of taking.

28. Specifically, the subject debt it outside of the statute of limitations and Defendant cannot pursue the debt in court; however, Defendant threatened Plaintiff that they had seven (7) years in with to file a lawsuit if the subject debt was not resolved.

29. Defendant violated §§ 1692e and e(10) by misrepresenting the statute of limitations in Texas as seven years in an attempt to compel Plaintiff into making a payment on the debt despite the fact that the debt was, in fact, time-barred.

30. Specifically, this misrepresentation was material as it exposed Plaintiff to numerous downstream consequences associated with responsibility of the subject debt.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. Section 392.304 of the Texas Finance Code prohibits a debt collector from

fraudulent, deceptive, or misleading representations to collect on a debt. Tex. Fin. Code Ann. § 392.304.

33. Section 392.304(8), a debt collector is prohibited from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code Ann. §392.304(8).

34. Defendant violated Tex. Fin. Code Ann. § 392.304(8) by misrepresenting the statute of limitations on the subject debt.

35. Defendant further violated Tex. Fin. Code Ann. § 392.304(8) by advising Plaintiff that Defendant intended on suing her if Plaintiff did not make a payment on the subject debt, despite the fact that the subject debt was time-barred.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

 a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.304(8);

 b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

 c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

 d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

 e. Awarding any other relief as this Honorable Court deems just and appropriate

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: January 21, 2021　　　　　　　　　Respectfully submitted,

**HELENE M. MULVIHILL**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com

6